Marcos D. Sasso (SBN 228905)
sassom@ballardspahr.com
Tanya Taylor (SBN 312881)
taylortm@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400
Facsimile: 424.204.4350

Attorneys for Defendants
 HSBC BANK USA, N.A.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| BRIAN KIM, an individual,<br><br>  Plaintiff,<br><br>    v.<br><br>HSBC BANK USA, N.A.; CLEAR RECON CORP.; FRENCH FUND LLC; AND DOES 1-50 INCLUSIVE,<br><br>  Defendants; | CASE NO. 2:18-cv-8188<br><br>**NOTICE OF REMOVAL**<br><br>Action filed: August 10, 2018 |

DMWEST #18064095 v1

NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§1332 and 1441, defendant HSBC BANK USA N.A. ("HSBC"), hereby removes the action entitled *Brian Kim v. HSBC Bank USA, N.A, et al.*, Case No. BC 717406, Superior Court of California, County of Los Angeles (the "Action"), to the United States District Court for the Central District of California, on the following grounds:

1. <u>Removal Is Timely</u>.  Plaintiff Brian Kim ("Plaintiff") filed the Action on August 10, 2018.  HSBC was served on August 22, 2018.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within 30 days of service on HSBC, and within one year after "commencement of the action" in state court.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as Exhibit A.

2. <u>Diversity Of Citizenship</u>.  This Court has jurisdiction of this case under 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds $75,000.00, as discussed below.

3. Plaintiff is a California citizen, and Plaintiff specifically pleads that he resides at 7525 Coastal View Drive, Los Angeles, California, 90045 (the "Property").  <u>See</u> Compl. ¶ 1.  Plaintiff alleges that HSBC and defendants Clear Recon Corp. ("Clear Recon") and French Fund LLC ("French Fund") violated certain provisions of the California Homeowners Bill of Rights, in connection with alleged conduct pertaining to non-judicial foreclosure proceedings regarding the Property, including allegedly failing to comply with the requirements of California Civil Code §§ 2923.5, 2923.6. 2924.18, 2924.17, and 2924.  <u>See generally</u> Compl. Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of California.

4. Defendant HSBC Bank USA, N.A. is a bank chartered under the National Bank Act, 12 U.S.C. § 38 et seq., with its main office in the State of Virginia. Thus, HSBC is a citizen of Virginia for purposes of diversity jurisdiction. See 28 U.S.C. § 1348; Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006); see also Rouse v. Wachovia Mortg., FSB, 747 F. 3d 707, 715 (9th Cir. 2014).

5. Clear Recon is a California corporation, but its citizenship should be disregarded for two reasons. It is a nominal defendant and/or it is a fraudulently joined defendant.

A. Clear Recon Is A Nominal Defendant. Clear Recon is a nominal party, because it is the substituted trustee which replaced Diana R. Harrison, the original trustee as named in the Note encumbering the Property at issue. Compl. ¶ 16. As such, Clear Recon has no financial interest in the Property and its involvement in the non-judicial foreclosure is strictly within its ministerial role as the substituted trustee under the Note. Under California Civil Code section 2924, trustees are immune from liability for claims in connection with a non-judicial foreclosure. See Cal. Civ. Code § 2924(b), (d); see Lundy v. Selene Fin., LP, No. 15-cv-05676-JST, 2016 U.S. Dist. LEXIS 35547, *12 (N.D. Cal. Mar. 17, 2016) (finding protections of Cal. Civ. Code § 2924(b), (d) apply to MTC as trustee and warrant dismissal of action); see also Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1062 (E.D. Cal. 2009) ("trustee's actions in executing a non-judicial foreclosure are privileged communications under Cal. Civ. Code section 47").

A foreclosure trustee with "no interest in the outcome of the litigation" has nominal status and "its citizenship is not considered for the purpose of establishing diversity jurisdiction." Oby v. Clear Recon Corp., No. 2:16-cv-01008-MCE-CKD, 2017 U.S. Dist. LEXIS 25651, at *5-6 (E.D.Cal. Feb. 22, 2017); see also Strotek Corp v. Air Transp. Ass'n of Am., 300 F.3d 1129 (9th Cir. 2000) (ignoring

nominal trustee's citizenship); <u>Sanchez v. Wells Fargo Bank, N.A.</u>, No. LA CV15-07720 JAK (PJWx), 2016 U.S. Dist. LEXIS 47941, at *10 (C.D.Cal. Apr. 8, 2016) (finding trustee is nominal defendant for purposes of diversity).

Here, there are no substantive allegations of any wrongdoing by Clear Recon outside of its duties as trustee under the Note. Based on the allegations of the Complaint, Clear Recon's only involvement with regard to the loan is its narrow role as the current trustee, in recording a notice of default and recording a notice of trustee's sale. Compl. ¶ 30. As explained in <u>Pro Value Properties, Inc. v. Quality Loan Service Corp.</u>, 170 Cal. App. 4th 579 (2009), a trustee's role is extremely limited:

> The trustee in a nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary . . . . <u>The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist.</u> In short, the trustee . . . performs ministerial acts which, when properly executed, result in the transfer of title to the [trustee's sale] purchaser.

<u>Pro Value Properties, Inc.</u>, 170 Cal. App. 4th at 583 (citations omitted, emphasis added).

Another district court decision provides a more detailed explanation concerning a "deed of trust trustee's" limited authority:

> The trustee under a deed of trust "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and beneficiary of the deed of trust. **[The trustee's] only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust."** <u>Vournas v. Fidelity National Title Ins. Co.</u> (1999) 73 Cal.App.4th 668, 677, 86 Cal.Rptr.2d 490. **Consistent with this view, California courts have refused to impose duties on the trustee other than those imposed by statute or specified in the deed of trust**. As our Supreme Court noted in <u>I.E. Associates v. Safeco Title Ins. Co.</u> (1985) 39 Cal.3d 281, 216 Cal.Rptr. 438, 702 P.2d 596, "The rights and powers of trustees in nonjudicial foreclosure proceedings have long been regarded as

> strictly limited and defined by the contract of the parties and the statutes . . . .
>
> **…[T]here is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes**." (Id. at pp. 287-288, 216 Cal. Rptr. 438, 702 P.2d 596); Heritage Oaks Partners v. First American Title Ins. Co., 155 Cal.App.4th 339, 345, 66 Cal.Rptr.3d 510 (2007); see Monterey SP Partnership v. WL Bangham, 49 Cal.3d 454, 462-463, 261 Cal. Rptr. 587, 777 P.2d 623 (1989) ("The similarities between a trustee of an express trust and a trustee under a deed of trust end with the name. . . . the trustee under a deed of trust does not have a true trustee's interest in, and control over, the trust property. Nor is it bound by the fiduciary duties that characterize a true trustee.").

Swanson v. EMC Mortg. Corp., No. CV F 09-1507, 2009 U.S. Dist. LEXIS 122216, at *10-11 (E.D. Cal. Dec. 10, 2009) (emphasis added); see also Canas v. Citimortgage, Inc., No. SA CV 13-00322-DOC (RNBx), 2013 U.S. Dist. LEXIS 80893, at *9-10 (C.D. Cal. June 7, 2013) (finding trustee to be a nominal defendant because there were no substantive claims against trustee outside of its duties as trustee); Prasad v. Wells Fargo Bank, N.A., No. C11-894-RSM, 2011 U.S. Dist. LEXIS 103122, 2011 WL 4074300 at *3 (W.D. Wash. Sept. 13, 2011) (same).

Accordingly, Clear recon is a nominal defendant and its citizenship should be ignored for purposes of diversity.

B.  Clear Recon Is A Fraudulently Joined Defendant. Another exception to the requirement of complete diversity is where a nondiverse defendant has been fraudulently joined. See Rieger v. Wells Fargo Bank, 2013 U.S. Dist. LEXIS 58232, at *7 (N.D. Cal. Apr. 23, 2013) (Corley, M.J.) (quoting Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067-68 (9th Cir. 2001)). In this action, when testing the applicability of federal diversity jurisdiction, the Court is not limited to the four corners of the Plaintiff's pleading. West America Corp. v. Vaughan-Bassett Furniture Co., Inc., 765 F.2d 932, 936 (9th Cir. 1985). Because

1  Plaintiff has offered no facts that might suggest he can state a viable claim for
2  relief against Clear Recon, this Court should disregard Clear Recon and its
3  citizenship.  <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987)
4  (joinder of employee in wrongful termination case against employer held a sham
5  because state law provided that the employee was not liable.).  "[F]raudulently
6  joined defendants will not defeat removal on diversity grounds."  <u>Ritchey v.
7  Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998).  A removing defendant
8  may submit facts showing that the resident defendant has "no real connection with
9  the controversy."  <u>Ritchey</u>, 139 F.3d at 1318 (quoting <u>Wilson v. Republic Iron &
10 Steel Co.</u>, 257 U.S. 92, 97-99 (1921)).

11       The facts here establish that Clear Recon does not have an actionable
12 relationship with Plaintiff, and its sole role is ministerial in nature.  Based on the
13 allegations of the Complaint, Clear Recon simply replaced Diana R. Harrison as
14 the trustee named on the Note encumbering the Property, and as the current trustee,
15 Clear Recon recorded the notice of default and notice of trustee's sale.  Compl.
16 ¶¶ 28, 30.  Thus, Clear Recon's sole connection is as an agent with no viable
17 allegations of liability against it at issue.  Therefore, Clear Recon should be
18 ignored for purposes of a diversity jurisdiction analysis.

19       Moreover, as discussed, actions related to a trustee's duties are privileged,
20 preventing a claim for damages against the trustee.  <u>See</u> Cal. Civ. Code § 2924(d)
21 (incorporating Cal. Civ. Code § 47(c)).  This privilege bars any tort claim arising
22 out of the statutorily required mailing, publication, and delivery of notices in non-
23 judicial foreclosure, and the performance of statutory non-judicial procedures
24 absent a showing of malice.  <u>Kachlon v. Markowitz</u>, 168 Cal.App.4th 316, 339
25 (2008).  Indeed, district courts have found trustees to be fraudulently joined in
26 materially similar cases, thereby affirming the presence of diversity jurisdiction in
27 the instant action.  <u>See e.g.</u>, <u>Marquez v. Wells Fargo Bank, N.A.</u>, 2013 U.S. Dist.
28 LEXIS 131364, at *3-*5 (N.D. Cal. Sept. 13, 2013) (denying motion to remand in

1  part on grounds that trustee was a nominal defendant and fraudulently joined);
2  Sherman v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 51641, at *7 (E.D.
3  Cal. May 12, 2011) ("In light of a trustee's limited contractual duties under state
4  law and the trustee's limited involvement as alleged in the complaint, the court
5  finds that Cal-Western was fraudulently joined for diversity purposes."); Moreno
6  v. Wells Fargo, 2011 U.S. Dist. LEXIS 146195, at *23 (N.D. Cal. Dec. 20, 2011)
7  ("the Court finds that Cal-Western was fraudulently joined.").
8       Accordingly, Clear Recon's citizenship should be disregarded as a
9  fraudulently joined party.
10       6.    French Fund Is A Fraudulently Joined Defendant.  French Fund LLC
11  is a California corporation, but its citizenship should be disregarded because it is a
12  fraudulently joined defendant.  As an initial matter, Plaintiff does not allege the
13  citizenship of French Fund, and fails to even make any mention of French Fund in
14  the Complaint.  The only time French Fund is mentioned in the Complaint is on the
15  caption page.  Since Plaintiff has brought no claims against French Fund, it is clear
16  it is named for the sole purpose of defeating diversity.  As discussed above,
17  because Plaintiff has offered no facts that might suggest he can state a viable claim
18  for relief against French Fund, this Court should disregard French Fund and its
19  citizenship.
20       Further, Plaintiff's Complaint pertains to an alleged wrongful foreclosure.
21  See generally Compl.  Even if Plaintiff alleged a claim against French Fund, as the
22  bona fide purchaser, for reformation of the Loan, it is well-established California
23  law that "[t]he purchaser at a foreclosure sale takes title by a trustee's deed. If the
24  trustee's deed recites that all statutory notice requirements and procedures required
25  by law for the conduct of the foreclosure have been satisfied, a rebuttable
26  presumption arises that the sale has been conducted regularly and properly; this
27  presumption is conclusive as to a bona fide purchaser." Moeller v. Lien, 25 Cal.
28  App. 4th 822, 831 Citing Civ. Code, § 2924; Homestead Savings v. Darmiento,

supra, 230 Cal.App.3d at p. 431, 281 Cal.Rptr. 367.  Thus, even if Plaintiff brought a claim against French Fund as the purchaser of the Loan – which he did not – that claim would be defeated.

Accordingly, French Fund's citizenship should be disregarded as a fraudulently joined party.

7.  <u>The Amount In Controversy Is Satisfied</u>.  The amount in controversy is satisfied as the Complaint seeks "damages exceeding $350,000.00." (Compl., Prayer for Relief, p. 21)  In addition, the Complaint seeks "reformation of Plaintiff's loan agreement." <u>Id</u>.  In actions "arising out of the foreclosure of a plaintiff's home, the amount in controversy may be established by the value of the property or by the value of the loan." <u>Major v. Wells Fargo Bank, N.A.</u>, No. 14-cv-998-LAB-RBB, 2014 U.S. Dist. LEXIS 114977, *2 (S.D. Cal. Aug. 18, 2014) (finding amount in controversy satisfied based on amount of loan on property at issue).  Similarly, in actions seeking "injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." <u>See</u> <u>Cabriales v. Aurora Loan Services</u>, No. C 10-161 MEJ, 2010 WL 761081, at *7 (N.D. Cal. Mar. 2, 2010) (finding amount in controversy satisfied based on value of original loan amount where plaintiff sought to enjoin sale).

8.  Here, the original principal balance of the loan at issue was $1,140,000.00 (<u>See</u> Compl. ¶ 17.)  Plaintiff does not allege that the value of the Property has dropped below $75,000.00.  Accordingly, based on the alleged value of the loan, the amount in controversy is satisfied.  <u>See</u> <u>Reyes v. Wells Fargo Bank, N.A.</u>, 2010 U.S. Dist. LEXIS 113821 at *14-15 (N.D. Cal. June 29, 2010) (holding that "the value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met . . . regardless of whether the property at issue has been sold in foreclosure or is still held by the lender . . . so long as the plaintiff is seeking injunctive relief to prevent

1 or undo the lender's sale of the property."); <u>Delgado v. Bank of America Corp.</u>,
2 2009 WL 4163525 at *6 (E.D. Cal. Nov. 23, 2009) (same).

3       9. <u>Proper Jurisdiction</u>. This Court is the proper district court for removal
4 because the Superior Court of the State of California for the County of Los
5 Angeles is located within the United States District Court for the Central District of
6 California. <u>See</u> 28 U.S.C. § 1446(a).

7       10. <u>Pleadings and Process</u>. Attached hereto as Exhibit A are copies of all
8 process, pleadings and orders served upon HSBC in the state court action. <u>See</u> 28
9 U.S.C. § 1446(a).

10       11. <u>Notice Has Been Effected</u>. HSBC is concurrently filing a copy of this
11 Notice of Removal, attached hereto as Exhibit B, with the Superior Court of the
12 State of California for the County of Orange, which will be promptly served upon
13 Plaintiff's counsel. <u>See</u> 28 U.S.C. §§ 1446(a), (d).

14       12. <u>Consent</u>. Nominal, unknown, or fraudulently joined defendants are
15 exempt from the general rule that all defendants must consent to removal. <u>Olson v.
16 Wells Fargo Bank, N.A.</u>, 961 F. Supp. 2d 1149, 1150 (C.D. Cal. 2013) <u>citing</u> 28
17 U.S.C.A. § 1441(a). Notwithstanding the fact that no consent is necessary, Clear
18 Recon has consented to the removal of this Action (see attached Exhibit C). Based
19 upon information and belief, HSBC is unaware that defendant French Fund LLC
20 has been properly served in this Action and, therefore, consent from French Fund
21 LLC is not required, even if it were not a nominal, unknown and/or fraudulently
22 joined defendant.
23 \\\
24 \\\

13. By filing this Notice of Removal, HSBC does not waive any defenses to Plaintiff's allegations or objections to personal jurisdiction, including but not limited to sufficiency of process, service of process, and jurisdiction.

Dated: September 21, 2018     Respectfully submitted,

By: /s/ Tanya M. Taylor
Tanya M. Taylor
*Attorneys for Defendant*
*HSBC Bank, N.A.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2018, a copy of the foregoing **NOTICE OF REMOVAL** was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

| | |
|---|---|
| Brian Kim<br>7525 Coastal View Dr.<br>Los Angeles, CA 90045 | Pro Se Plaintiff |

_____
Debra A. Smith

DMWEST #18064095 v1

CERTIFICATE OF SERVICE